UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE KEMP TENNILLE,

        Petitioner,

v.

        Case No. 4:21-cv-10909
        Hon. Matthew F. Leitman

JONATHAN HEMINGWAY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS (ECF No. 1)**

On April 8, 2021, Lawrence Kemp Tennille filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* ECF No. 1.)  For the reasons discussed below, Tennille's petition is **DENIED**.

**I**

On September 12, 1997, Tennille was sentenced to life imprisonment for his conviction of conspiracy to possess with intent to distribute over 50 grams of cocaine. (Judgment of Sentence, ECF No. 5-3, PageID.76-79.)  On October 6, 2016, then-President Barack Obama granted Tennille clemency and commuted Tennille's sentence to 360 months imprisonment with the final year to be served on pre-release custody. (Executive Grant of Clemency, ECF No. 5-3, PageID.85.)  On June 9, 2021,

1

Tennille was transferred from FCI Milan to pre-release custody, and he now resides at an apartment in Livonia, Michigan. (Notice of Change of Address; ECF No. 6.)

While Tennille was still incarcerated at FCI Milan, and before his move to pre-release custody, Tennille filed the instant petition. His petition asserts that the Bureau of Prisons ("BOP") miscalculated his release date. Tennille contends that he was entitled to be placed on pre-release custody no later than July 24, 2021, and that his sentence therefore expires on July 24, 2022. BOP, on the other hand, has calculated that Tennille's sentence expires later, on August 17, 2022.

## II

The calculation of a federal prisoner's sentence is the responsibility of the Attorney General, acting through BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1991). Claims challenging the manner in which BOP calculates a prisoner's sentence are properly raised in a petition for writ of habeas corpus under § 2241. *See Terrell v. United States,* 564 F.3d 442, 447 (6th Cir. 2009). A district court may grant § 2241 relief on such a claim when BOP miscalculates a sentence. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

## III

The difference between the parties' sentence calculations arises from the fact that the parties have used different formulas to calculate the amount of good time credit to which Tennille is entitled. The relevant statue provides:

2

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624(b)(1).

Tennille has used the incorrect formula to calculate his good-time credits under the statute. His calculation relies on BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification, to calculate his release date. (*See* Pet., ECF No. 1, PageID.17.) This Program Statement explains, *inter alia*, how BOP calculates an incoming inmate's security classification. PS 5100.08, Chapter 4, at 1. One of the variables used to determine the security classification is termed "Months to Release," which "reflects the *estimated* number of months the inmate is expected to be incarcerated." *Id.*, at 6 (emphasis added). Program Statement 5100.08 provides a formula (the "Estimated Release Date Formula") for how to calculate this "Months to Release" variable. This formula directs BOP personnel to "enter the total number of months remaining, *less 15% (for sentences over 12 months)*, and credit for any jail time served." *Id.* (emphasis added). The 15% deduction is an *estimate* for the

3

maximum amount of good conduct time an inmate could accrue over the course of their sentence. Importantly, however, the 15% estimated deduction does not reflect an inmate's actual release date because, among other things, the estimated deduction ends up giving an inmate more good-time credit than is allowed under the statute.[1] Using the Estimated Release Date Formula, Tennille arrived at July 24, 2022, the date he contends his sentence expires.[2]

Instead of using the Estimated Release Data Formula to determine an inmate's actual release date, BOP uses a different formula to calculate that date. That formula is found in BOP Program Statement 5880.28, Sentence Computation Manual (the "Actual Release Date Formula"). (*See* Resp., ECF No. 5, PageID.62.) Program Statement 5880.28 contains detailed instructions on how to deduct the good time credit actually accrued under 18 U.S.C. § 3624(b)(1). *See* PS 5880.28, Pages 1-40 – 1-61B. The Actual Release Date Formula differs from the Estimated Release Date Formula, in part, because it calculates good conduct time using the precise maximum

---

[1] 18 U.S.C. § 3624(b)(1) allows no more than 54 days of good conduct time per year of incarceration. The 15% deduction in the Estimated Release Date Formula arises from the fact that 15% of one year (365 days) is 54.75 days – approximately the maximum amount of good conduct time. Thus, the Estimated Release Date Formula overestimates an inmate's good conduct time by, at least, 0.75 days per year served.

[2] As indicated above, the petition was filed when Tennille was still in prison. In his petition, Tennille also asserted that because the last year of his sentence was ordered to be served in pre-release custody, under his calculation he was entitled to be placed on pre-release on July 24, 2021. Because Tennille was actually placed on pre-release custody on June 9, 2021, that argument is moot.

of 54 days per year of good-time credit allowed under the statute, rather than the 15% estimate. Using the Actual Release Date Formula, BOP calculated Tennille's release date to be August 17, 2022.

BOP used the correct formula, under § 3624(b)(1) and Program Statement 5880.28, to calculate Tennille's release day. Tennille's calculation of an earlier release date relied on his use of the wrong formula – the Estimated Release Date Formula – which BOP does not use to calculate release dates. Therefore, Tennille is not entitled to relief on this ground.

V

For the foregoing reasons, the Court **DENIES** Tennille's petition for writ of habeas corpus (ECF No. 1). Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2021

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764
